UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| FRANCISCO GUERRERO ESPINOSA, | CASE NO. 2:26-cv-02259-JHC |
| Petitioner, | ORDER |
| v. | |
| WARDEN NORTHWEST ICE PROCESSING CENTER, et al., | |
| Respondent. | |

**I**

**INTRODUCTION**

This matter comes before the Court on Francisco Guerrero Espinosa's pro se Petition for Writ of Habeas Corpus.  Dkt. # 1.  The Court has reviewed the materials filed in support of and in opposition to the Petition, the rest of the record, and the governing law.  Being fully advised, for the reasons below, the Court DENIES the Petition.  Dkt. # 1.

**II**

**BACKGROUND**

Petitioner is a native and citizen of Mexico.  Dkt. # 12 at 2.  Petitioner repeatedly entered the United States between 2006 and 2021 and was granted voluntary return to Mexico each time.  *Id.*  Petitioner most recently entered the United States at an unknown time and place, but on

ORDER - 1

September 18, 2025, he was apprehended and served a Notice to Appear charging him with inadmissibility under section 212(a)(6)(A)(i) of the Immigration and National Act (codified at 8 U.S.C. § 1182(a)(6)(A)(i)).  Dkt. # 12 at 2; *see* Dkt. # 13-3.

In late November, Petitioner filed multiple requests for relief from removal, which all remain pending.  Dkt. # 12 at 2-3.  Petitioner also requested a bond hearing, which was granted and on December 23, 2025, Immigration Judge Theresa Scala found that she did not have jurisdiction to release Petitioner on bond and, in the alternative, denied bond on a finding that Petitioner was a flight risk.  Dkt. # 12 at 3; *see* Dkt. # 13-4.

Petitioner is detained at the Northwest ICE Processing Center.  Dkt. # 12 at 3.

### III
#### DISCUSSION

Federal district courts have the authority to grant a writ of habeas corpus if a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]"  28 U.S.C. § 2241 (a), (c).  "The petitioner carries the burden of proving by a preponderance of the evidence that [they are] entitled to habeas relief."  *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004).

Petitioner says that his 10-month detention has been prolonged in violation of his constitutional rights.  *See* Dkt. # 1 at 6-7; *see also* Dkt. # 14 (applying *Banda* factors); *see Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019).  Respondents say that Petitioner does not satisfy the *Banda* factors.  Dkt. # 11 at 6-8.

*Banda* established the test to determine whether the mandatory detention of a non-citizen under 8 U.S.C. § 1225(b) is unconstitutionally prolonged without an opportunity to be heard.[1]

---

[1] Petitioner seemingly is not detained under § 1225(b).  Even as Respondents acknowledge that Petitioner falls within the class defined in *Rodriguez Vazquez* who are detained subject to § 1226(c), Respondents continue to follow its long-standing policy of contending that members of this class, including Petitioner, are subject to mandatory detention under § 1225(b).  Dkt. # 2-3, 5-6; *see Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1336 (W.D. Wash. 2025).  Petitioner, who is pro se, does not

ORDER - 2

*See Banda*, 385 F. Supp. 3d 1099. But here, Petitioner has already been heard. Petitioner received a bond hearing on December 23, 2025, about six months before submitting this Petition. Dkt. ## 1,13-4. The IJ made a finding that Petitioner is a flight risk. *See* Dkt. # 13-4. And Petitioner does challenge this finding or bond hearing in any way. *See generally* Dkt. ## 1, 14; *see also Martinez v. Clark*, 124 F.4th 775, 781-82 (9th Cir. 2024); *Soriano v. Hernandez*, __F. Supp. __, 2026 WL 969764, *2-3 (W.D. Wash. Apr. 10, 2026) (finding "a district court has jurisdiction to review an [immigration judge's] discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional.") (citing *Kharis v. Sessions*, 2018 WL 5809432 *4 (N.D. Cal. Nov. 6, 2018)). Thus, the Court finds Petitioner's detention is not unconstitutionally prolonged under *Banda*.

Finally, Petitioner also says he should be released because of events that occurred during his arrest, which he says were unlawful. *See* Dkt. # 1 at 7; *see also* Dkt. # 1-1 at 3-4 (describing agents in three unmarked vehicles surrounding him, deploying tear gas, pointing guns at him, and forcibly removing from his vehicle; all before he was identified or the agents identified themselves); *but see* Dkt. # 13-1 at 3 (describing at least nine agents and vehicles with visible identifying markings approaching a stopped vehicle and ordering Petitioner to open the door multiple times before he complied and "officers were able to safely extract him"). A Writ of Habeas Corpus is not the proper vehicle to bring such a challenge, and thus, the Court cannot consider the issue. *See Abadin v. Noem*, 2026 WL 217148, at *4 (W.D. Wash. Jan. 28, 2026) (finding that 28 U.S.C. § 2241 is "not the appropriate mechanism to challenge the legality of his arrest").

---

challenge the statutory authority governing his detention and instead also says he is detained under § 1225(b). *See generally* Dkt. # 1, 14. Because Petitioner does not raise the issue and because the Court has determined that the statutory authority would not change the finding of this Order, the Court applies *Banda* without deciding the statutory authority under which Petitioner is detained.

ORDER - 3

## IV

### CONCLUSION

For these reasons, the Court DENIES the Petition.  Dkt. # 1.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 27th day of July, 2026.


John H. Chun
United States District Judge

ORDER - 4